UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BERNA,<br><br>          Plaintiff,<br><br>     v.<br><br>LUKE POWELL, *et al*.<br><br>          Defendants. | **Case No. 1:15-cv-00283-AWI-GSA**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(ECF No. 1) |

Plaintiff Bruce Berna ("Plaintiff") filed a complaint (the "Complaint") against a number of individual defendants employed as special agents by the Bureau of Firearms of the California Department of Justice ("Defendants") on February 23, 2015. (ECF No. 1.) The Complaint alleges a cause of action under 42 U.S.C. § 1983 against defendants Luke Powell, Frank Navarro, Lee Cariaga, Alfredo Fuerto, and Alfred Frausto. As discussed below, the Complaint will be dismissed because it fails to state a claim. Plaintiff is granted leave to file an amended complaint.

I.     DISCUSSION

    a.     **Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If

1

the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the Complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**b.  Plaintiff's Allegations**

Plaintiff's Complaint, though lengthy, contains few factual allegations. On September 11, 2011, Defendants Frank Navarro and Luke Powell allegedly conducted an illegal search of Plaintiff's home. (Complaint 3, 7, 13, ECF No. 1.)[1] The circumstances surrounding the search are unclear, as are the results of the search. In fact, it is even unclear whether the target of the search was Plaintiff's house or a trailer. (Complaint 11, 13, ECF No. 1.) Several months after the search, a warrant was issued for Plaintiff's arrest. (Complaint 7, ECF No. 1.) Over the course of the

---

[1] Page numbers in the Complaint will be refer to the CM/ECF generated page numbers which appear in the upper right hand corner of the Complaint.

1  ensuing criminal case, Navarro and Powell offered testimony regarding their search at various
2  hearings, including Plaintiff's preliminary hearing and a hearing on a motion to suppress. *Id.*
3  Eventually, Plaintiff was sentenced to thirty two months in prison, although it is unclear whether
4  this was the result of a jury trial or of a plea bargain. (Complaint 8, ECF No. 1.) It is also not clear
5  what role the purportedly illegal search (or evidence obtained in that search, if any) played in
6  these proceedings. The rest of the Complaint is a recitation of legal rules that appear to have been
7  copied from a legal outline, regarding, among other things, illegal searches and seizures; the good
8  faith exception; consent to searches; sovereign immunity; and statutes of limitations. The
9  Complaint also contains numerous references to trial transcripts and Plaintiff's appellate brief
10 before the California Court of Appeal, although copies of those documents are not attached to the
11 Complaint.

        **c.**    **Analysis of Plaintiff's Allegations**

13        To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the
14 Constitution and laws of the United States, and must show that the alleged deprivation was
15 committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).
16 Rule 8(a) additionally requires that each complaint contain "a short and plain statement of the
17 claim showing the pleader is entitled to relief." Detailed factual allegations are not required, but
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements, do not suffice." *Iqbal*, 550 U.S. at 555. It is not enough to merely conclude that these
20 elements have been met; a plaintiff must provide facts sufficient to state a plausible claim under
21 these elements. Plaintiff must demonstrate that each defendant personally participated in the
22 deprivation of his rights. *Iqbal*, 556 U.S. at 677; *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011,
23 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). The
24 complaint must allege that every defendant acted with the requisite state of mind to violate the
25 underlying constitutional provision. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1070 (9th Cir.
26 2012).

27        Plaintiff has not stated facts sufficient to state a plausible violation of § 1983. Although it
28 is apparent that Plaintiff believes Defendants engaged in some wrongdoing with respect to his

Case 1:15-cv-00283-AWI-EPG   Document 5   Filed 08/10/15   Page 4 of 4

criminal case, it is not at all clear what the circumstances or context of that wrongdoing were. Nor is it clear what roles the five defendants played in the alleged wrongdoing—only two of the defendants are explicitly named in the Complaint in relation to the search. The Complaint cannot proceed without some factual basis for each defendant's liability. It is not sufficient to say that defendants engaged in an "illegal search"; Plaintiff should explain what occurred during the search and what role the fruits of the search played in the litigation that followed.

## II.     LEAVE TO AMEND

The Court will provide Plaintiff an opportunity to amend the Complaint to fix the issues identified above. If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint." As a general rule, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other words, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

## III.    ORDER

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if he believes his claims are cognizable. Any amended complaint shall be filed no later than **September 8, 2015**. Failure to file an amended complaint by the date specified will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **August 10, 2015**                    **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE

4