1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  BRUCE BERNA, | **Case No. 1:15-cv-00283-AWI-EPG** |
| 12              Plaintiff, | **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT** |
| 13       v. | |
| 14  LUKE POWELL, *et al*. | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |
| 15              Defendants. | (ECF No. 1) |
| 16 | |

17   **I.     INTRODUCTION**

18          Plaintiff Bruce Berna ("Plaintiff"), appearing *pro se*, filed a First Amended Complaint

19   (the "FAC") on August 24, 2015. (ECF No. 6.) The FAC alleges violations of 42 U.S.C. § 1983

20   against Luke Powell, Frank Navarro, Lee Cariaga, Alfredo Fuerto, and Alfred Frausto

21   (collectively, the "Defendants"). *Id*. Plaintiff alleges that Defendants Powell and Navarro

22   searched his house without a warrant or consent and then lied about what happened during

23   Plaintiff's criminal prosecution. The Court has screened the FAC and makes its recommendations

24   herein, namely, that Plaintiffs' Fourth Amendment claim against Powell and Navarro go forward,

25   and the other claims and Defendants be dismissed.

26   **II.    LEGAL STANDARD**

27          Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to

28

                                                        1

1   determine whether it "state[s] a claim on which relief may be granted," is "frivolous or

2   malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If

3   the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to

4   amend may be granted to the extent that the deficiencies of the complaint can be cured by

5   amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

6       A complaint must contain "a short and plain statement of the claim showing that the

7   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

8   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

9   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

10  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set

11  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

12  *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations

13  are accepted as true, legal conclusion are not. *Id*. at 678.

14      In determining whether a complaint states an actionable claim, the Court must accept the

15  allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740

16  (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v.*

17  *Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins*

18  *v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less

19  stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342

20  (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after

21  *Iqbal*).

22  **III.   PLAINTIFF'S ALLEGATIONS**

23      The FAC explains that Plaintiff previously lived in a trailer on a piece of property in

24  Fresno, California. Plaintiff was employed by the property owner as the caretaker for the

25  property. In his capacity as caretaker, Plaintiff possessed a shotgun which the property owner told

26  him to use to kill any ground squirrels that came onto the property owner's lawn. Plaintiff kept

27  the shotgun in his bedroom closet. Plaintiff had been previously convicted of a felony and is not

28  entitled to possess a firearm.

1       On September 11, 2011, Defendants Luke Powell and Frank Navarro, two agents with the
2 Bureau of Firearms for the California Department of Justice, arrived at the property and
3 demanded to search Plaintiff's trailer. Powell and Navarro told Plaintiff that they were searching
4 for methamphetamine, but did not possess a search warrant. Plaintiff and the property owner
5 declined to consent to a search of the trailer, but Navarro entered the trailer, conducted a search,
6 and found the shotgun in Plaintiff's bedroom closet. Plaintiff was arrested as a felon illegally in
7 possession of a firearm.

8       Criminal proceedings ensued against Plaintiff, who moved to suppress the shotgun as
9 evidence on the basis that it was obtained in an illegal search. Defendants Navarro and Powell
10 testified at the hearing and stated that they had received consent to the search from Plaintiff.
11 Plaintiff and the property owner testified that they had not given consent. Navarro and Powell
12 also testified that Defendants Cariaga, Fuerto, and Frausto were also present during the search,
13 although Plaintiff alleges that only Powell and Navarro were present.[1] The FAC indicates that the
14 court chose to accept Defendants' version of events at the hearing.

15       After several continuances to his trial date, Plaintiff pleaded no contest to the charges
16 against him and received a thirty-two month sentence. Less than two years later, on February 23,
17 2015, Plaintiff filed his initial Complaint alleging two violations of 42 U.S.C. § 1983 against all
18 five defendants for: (1) the illegal search of his residence, and (2) Powell and Navarro's false
19 statements during the criminal proceedings. Plaintiff's Complaint was screened and dismissed
20 with leave to amend on screening and Plaintiff filed the FAC on August 24, 2015.[2]

21 **IV.    DISCUSSION**

22       To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the
23 Constitution and laws of the United States, and must show that the alleged deprivation was
24 committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).
25 Plaintiff must demonstrate that each defendant personally participated in the deprivation of his

---

[1] Plaintiff explains that he only named Defendants Cariaga, Fuerto, and Frausto because he would like to seek discovery from them in this action.
[2] Plaintiff notes that this case is currently on "stay" pending the conclusion of his appellate case concerning his criminal conviction. Plaintiff is advised that no such stay has been granted in this case.

1  rights. *Iqbal*, 556 U.S. at 677; *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir.

2  2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). The complaint must allege

3  that every defendant also acted with the requisite state of mind to violate underlying

4  constitutional provision. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012).

5        As a threshold matter, Plaintiff has not alleged that Defendants Cariaga, Fuerto, or Frausto

6  engaged in any wrongdoing. In fact, the FAC expressly states that *only* Powell and Navarro

7  conducted the search of Plaintiff's residence and later testified against him in court. If Plaintiff

8  wishes to seek discovery related to Cariaga, Fuerto, or Frausto later on, they need not be named

9  as defendants. Because Plaintiff has alleged that only Powell and Navarro engaged in

10  wrongdoing, only Powell and Navarro are appropriate defendants. Cariaga, Fuerto, and Frausto

11  must be dismissed.

12        It is unnecessary to provide leave for Plaintiff to amend his allegations with respect to

13  Cariaga, Fuerto, and Frausto—the FAC states that they are only named as defendants for

14  discovery purposes and not because they committed any wrongful acts. No amendment can repair

15  such an admission. And, in any case, Plaintiff will still be free to seek discovery related to these

16  defendants later on in litigation, should it be relevant to his claims.

17        **a.  42 U.S.C. § 1983 (Perjury)**

18        Under existing U.S. Supreme Court precedent, witnesses who appear to testify in court are

19  immune from later suits under § 1983 "with respect to *any* claim based on the witness'

20  testimony." *Rehberg v. Paulik*, 132 S.Ct. 1497, 1505 (2012) (emphasis in original) ("When a

21  witness is sued because of his testimony . . . 'the claims of the individual must yield to the

22  dictates of public policy'"), *quoting Briscoe v. LaHue*, 460 U.S. 325, 332-333 (1983). Absent

23  such immunity, a witness's "testimony might be distorted by the fear of subsequent liability."

24  *Briscoe*, 460 U.S. at 333, *citing Barnes v. McCrate*, 32 Me. 446-447 (1851). Such an outcome

25  would "deprive the finder of fact of candid, objective, and undistorted evidence." *Id.* ("the truth-

26  finding process is better served if the witness's testimony is submitted to 'the crucible of the

27  judicial process so that the factfinder may consider it, after cross-examination, together with the

28  other evidence in the case to determine where the truth lies").

Such immunity extends to the testimony of law enforcement officers. *Rehberg*, 132 S.Ct. at 1505-1506, *quoting Briscoe*, 460 U.S. at 335-336 ("When a police officer appears as a witness, he may reasonably be viewed as acting like any other witness sworn to tell the truth—in which event he can make a strong claim to witness immunity; alternatively, he may be regarded as an official performing a critical role in the judicial process, in which event he may seek the benefit afforded to other governmental participants in the same proceeding. Nothing in the language of the statute suggests that such a witness belongs in a narrow, special category lacking protection against damages suits"). It also protects witnesses who testify in pre-trial proceedings, such as before a grand jury. *Id.* at 1506 ("Were it otherwise, 'a criminal defendant turned civil plaintiff could simply reframe a claim to attack the preparation instead of the absolutely immune actions themselves").

The Court sees little reason to apply a different rule here. Defendants Powell and Navarro are law enforcement officers who gave testimony as part of a criminal case against Plaintiff. As such, they are immune from a § 1983 claim alleging perjury arising out of that testimony.[3] No amendment to the allegations can alter this fact.

### b.   42 U.S.C. § 1983 (Illegal Search)

The "securing of a residence is a seizure subject to fourth amendment protection . . . [w]ithout a warrant, a search and seizure by the government is per se unreasonable under the fourth amendment unless the circumstances fall within the parameters of a specifically established exception." *United States v. Howard*, 828 F.2d 552, 554 (9th Cir. 1987), *citing United States v. Smith*, 790 F.2d 789, 791 (9th Cir. 1986). One such "specifically established exception" is the existence of consent for the search. *Steagald v. United States*, 451 U.S. 204, 216 (1981) ("warrantless searches of a home are impermissible absent consent or exigent circumstances"); *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973) ("a search authorized by consent is constitutionally permissible").

---

[3] As noted by the U.S. Supreme Court in *Rehberg*, this is not to say that Defendants are immune from *criminal* prosecution for perjury under 18 U.S.C. § 1623. *Rehberg*, 132 S.Ct. at 1505 ("the possibility of civil liability was not needed to deter false testimony at trial because other sanctions—chiefly prosecution for perjury—provided a sufficient deterrent"). Whether or not to pursue criminal charges, however, is not a determination for Plaintiff and does not create a *civil* remedy for him to pursue.

1     In this instance, Plaintiff has alleged that a warrantless search was conducted of his

2 residence without his consent. Nor are there indications of other exigent circumstances. *United*

3 *States v. Camou*, 773 F.3d 932, 940 (9th Cir. 2014) (exigent circumstances are "those

4 circumstances that would cause a reasonable person to believe that entry [or search] . . . was

5 necessary to prevent physical harm to the officers or other person, the destruction of relevant

6 evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate

7 law enforcement efforts"). Plaintiff has also plausibly alleged that Defendants Powell and

8 Navarro were acting under color of state law when they conducted the search. *Anderson v.*

9 *Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) ("State employment is generally sufficient to render

10 the defendant a state actor"), *quoting West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has thus

11 plausibly pleaded a claim under § 1983 against Defendants Powell and Navarro based on a

12 violation of his Fourth Amendment right to be free from unreasonable searches.

13     The Court recognizes that, under existing case law, a § 1983 claim may be barred where a

14 judgment in favor of a plaintiff "would necessarily imply the invalidity of his conviction or

15 sentence." *Lockett v. Ericson*, 656 F.3d 892, 896 (9th Cir. 2011), *quoting Heck v. Humphrey*, 512

16 U.S. 477, 487 (1994). The Ninth Circuit has held, however, that where the plaintiff has pleaded

17 no contest, as in the instant case, the "conviction 'derive[s] from [his] plea[ ], not from [a]

18 verdict[ ] obtained with supposedly illegal evidence." *Id.* at 897 ("The validity of Lockett's

19 conviction 'does not in any way depend upon the legality' of the search of his home. We

20 therefore hold that *Heck* does not bar Lockett's § 1983 claim"). Because Plaintiff's conviction in

21 his underlying criminal case was based on his no contest plea, rather than on the evidence

22 obtained in the alleged illegal search, a judgment in the present case need not render his

23 conviction or the resulting sentence invalid and the case may thus proceed.  Plaintiff thus states a

24 claim that is not barred by the *Heck* doctrine against invalidating a conviction through a § 1983

25 claim.[4]

26     ⁴ The Court wishes to note that its decision only concerns whether Plaintiff has stated a

27 viable legal claim.  The Court does not decide what remedies will be available to Plaintiff if he
suceeds on this claim.  Plaintiff should be aware that this part of his claim only survives precisely

28 because it will not legally invalidate his plea or conviction.  In other words, to the extent Plaintiff

6

**V.  RECOMMENDATION**

For the reasons set forth above, the Court RECOMMENDS the following:

1.  Plaintiff's claims against Defendants Lee Cariaga, Alfredo Fuerto, and Alfred Frausto be DISMISSED WITH PREJUDICE;

2.  Plaintiff's claim against Defendants Luke Powell and Frank Navarro under 42 U.S.C. § 1983 based on alleged perjury in his criminal case be DISMISSED WITH PREJUDICE; and,

3.  Plaintiff's claim against Defendants Luke Powell and Frank Navarro under 42 U.S.C. § 1983 based on the alleged illegal search of his residence on September 11, 2011 be allowed to proceed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  __**November 12, 2015**__          _/s/ Erica P. Grosjean_
                                          UNITED STATES MAGISTRATE JUDGE

---

filed this case in order to overturn his conviction, he should know at the outset of this case that he will not accomplish that goal through this lawsuit.

7