1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BERNA,<br><br>        Plaintiff,<br><br>  v.<br><br>LUKE POWELL, *et al.*,<br><br>        Defendant. | 1:15-cv-00283 AWI-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S COMPLAINT IN PART<br><br>(Doc. 9) |

Plaintiff Bruce Berna ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  This action proceeds on Plaintiff's August 24, 2015, First Amended Complaint against Luke Powell, Frank Navarro, Lee Cariaga, Alfredo Fuerto, and Alfred Fausto ("Defendants") alleging claims of perjury and unlawful search in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge for initial screening pursuant to 28 U.S.C. § 636(b)(1)(B), 28 U.S.C. § 1915(e)(2), and Local Rule 302.

On November 13, 2015, the Magistrate Judge issued Findings and Recommendations that (1) Plaintiff's claims against Defendants Cariaga, Fuerto, and Frausto be dismissed, (2) Plaintiff's perjury claim be dismissed, and (3) Plaintiff be permitted to proceed on his Fourth Amendment claim for unlawful search against defendants Powell and Navarro.  The Findings and Recommendations were served on the parties and contained notice that any objections must be filed within thirty days.  Plaintiff filed objections on December 4, 2015.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

In brief summary, Plaintiff offered no allegations indicating any wrongdoing by Defendants Carriga, Fuerto, and Frausto. Instead, Plaintiff asks that those defendants not be dismissed so that Plaintiff will be permitted to "question [those] three directly as defendants…." Plaintiff does not state a claim against Carriga, Fuerto, or Frausto. They are dismissed from this action.

Turning to Plaintiff's § 1983 perjury claim, as the Magistrate Judge explained, witnesses are immune from § 1983 liability for their testimony. Doc. 9 at 4 (citing *Rehberg v. Paulik*, --- U.S. ----, 132 S.Ct. 1497, 1505 (2012)). Plaintiff does not challenge that finding. Rather, he seeks to amend his complaint to allege a claim of malicious prosecution against the officers. A malicious prosecution suit is the quintessential example of a civil action that could undermine the validity of a prisoner's conviction. The United States Supreme Court specifically rejected a claim of malicious prosecution when the underlying condition still stood. *Heck v. Humphrey*, 512 U.S. 477, 484-486 (1994). The Court will not permit Plaintiff to amend his complaint to allege a malicious prosecution claim because such a claim would be *Heck* barred and immediately subject to dismissal. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that a court need not allow amendment where such amendment would be immediately subject to dismissal).

The Magistrate Judge found that Plaintiff's § 1983 Fourth Amendment unlawful search claim survived dismissal. This Court agrees. Because Plaintiff's conviction was based on a plea of nolo contendere to felon in possession of a weapon it would not be impacted by a finding that the search of his residence was invalid. *Lockett v. Ericson*, 656 F.3d 892, 897 (9th Cir. 2011) ( Because plaintiff's "conviction 'derives from his plea [of no contest] … [t]he validity of [his] conviction 'does not in any way depend on the legality' of the search…") (editing marks omitted); *but see Leon v. San Jose Police Dept.*, 2013 WL 5487543 (N.D. Cal. Sept. 2013)

(explaining that *Lockett* is inconsistent with prior Ninth Circuit precedent where it has applied the *Heck* bar to convictions based on pleas of no contest). That claim stands.[1]

Finally, Plaintiff also seeks to amend his complaint to include injunctive relief. Plaintiff indicates that he feels threatened by (apparently all) law enforcement and fears that officers may plant drugs on him or find other reasons to falsely arrest him. Plaintiff has not named any police department and does not have standing to sue any department without at least alleging a non-hypothetical and non-speculative, immediate threat of injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983). Plaintiff has not articulated a basis for the Court to permit him to amend his complaint to seek injunctive relief. Plaintiff is not precluded from filing a motion to amend, laying out the basis for his standing to sue a police department.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed November 13, 2015, are adopted in full;

2. Plaintiff's claim against Defendants Cariaga, Fuerto, and Frausto are DISMISSED WITH PREJUDICE;

3. Plaintiff's claim against Defendant Powell and Navarro under § 1983 based on alleged perjury in his criminal case is DISMISSED WITH PREJUDICE; and

4. Plaintiff's claim against Defendants Powell and Navarro under 42 U.S.C. § 1983 based on the alleged unlawful search of his residence on September 11, 2011, is permitted to proceed.

IT IS SO ORDERED.

Dated:   December 29, 2015        _____

                                 SENIOR DISTRICT JUDGE

---

[1] Plaintiff will not be permitted to litigate any matter in this action that would undermine his criminal conviction. Even if successful, he will not be compensated the time that he was incarcerated or for any penalty or consequence arising from his conviction.