UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BERNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUKE POWELL, *et al.*,<br><br>　　　　　Defendants. | **Case No.  1:15-cv-00283-AWI-EPG**<br><br>**ORDER DENYING MOTION FOR SUBPOENA**<br><br>(ECF No. 18) |

　　On August 24, 2015, Plaintiff Bruce Berna ("Plaintiff") filed a First Amended Complaint ("FAC") in this action.  (ECF No. 6.)  Defendants Luke Powell and Frank Navarro ("Defendants") filed an answer.  (ECF No. 16.)  Shortly thereafter, Plaintiff filed a motion for subpoena requesting several documents.  (ECF No. 18.)  The case was scheduled on July 1, 2016 and initial disclosures in the case are to be exchanged no later than August 1, 2016.

　　Plaintiff's motion for subpoena seeks:  (1) applicable policies or procedures for conducting searches and seizures; (2) documents related to the search and seizure that occurred at 8210 E. Nees Avenue, Clovis, California on September 8, 2011, including arrest report # B0F-FR-2011-00124; (3) documents "from Frank Navarro and Luke Powell involving investigations of complaints as in evidence code 1043-1047"; and, (4) "Documents for Alfred Frausto, Alfredo

Fuerto and Lee Cariaga on where they were and what they were doing on Sept 8 2011 at 3:00 P.M."

As explained to the parties at the scheduling conference on July 1, 2016, the parties are first required to exchange relevant documents in their initial disclosures. The parties may serve other discovery requests on each other, including, for example, requests for the production of documents, interrogatories, and requests for admissions. These discovery requests should not be filed with the Court unless necessary to adjudicate a later discovery dispute (the procedures for which are detailed more thoroughly in the Court's scheduling order (ECF No. 29)).

In this instance, Plaintiff appears to be asking the Court to issue a subpoena for documents that may be held by Defendants. Plaintiff must seek the documents from Defendants via a request for the production of documents, not a subpoena duces tecum.[1] Fed. R. Civ. P. 34. Plaintiff's motion for subpoena (ECF No. 18) is thus DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **July 7, 2016**                       /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that the Court will authorize the Clerk's Office to issue a subpoena duces tecum commanding a third party to produce documents *only if* (1) Plaintiff is unable to obtain the documents directly from Defendants and (2) he thereafter files a motion to compel which results in a determination that he is entitled to the documents but Defendants lack possession, custody, or control over them. *See* Fed. R. Civ. P. 45(d) (parties have a duty to avoid imposing undue burden or expense on person subject to subpoena and courts are required to enforce this duty) (quotation marks omitted); *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (district courts have "wide discretion in controlling discovery.") (internal quotation marks and citation omitted).