UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BERNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LUKE POWELL, *et al.*,<br><br>　　　　Defendants. | Case No.  1:15-cv-00283-AWI-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING OF MOTION TO COMPEL DISCOVERY AND ISSUANCE OF TERMINATING SANCTIONS**<br><br>(ECF No. 35) |

　　　On September 12, 2016, Defendants Luke Powell and Frank Navarro filed a Motion to Compel Discovery and Request for Sanctions against Plaintiff Bruce Berna.  Defendants state that Plaintiff has failed to answer their discovery requests, despite having had several months to do so.  Plaintiff failed to file any opposition to the Motion and did not appear for the hearing on the Motion.

　　　Consistent with Local Rule 230(g), the Court determines that the Motion is suitable for decision without further attempts at oral argument.  Because Plaintiff's failure to participate in the discovery process is representative of his failure to prosecute this litigation and for the reasons set forth below, the Court GRANTS the Motion to Compel and RECOMMENDS that terminating sanctions be issued in this case.

　　　Although the Court is recommending dismissal based on a failure to comply with discovery, it is worth noting at the outset that there are many indications that the relief available

1

in this lawsuit is not what Plaintiff truly seeks.  Plaintiff is challenging the search and seizure that led to a criminal conviction.  Although this Court has held that he can proceed on his claim because he pled no contest in his criminal case, and thus a ruling regarding the search and seizure would not invalidate that conviction, it has never been clear what damages Plaintiff suffered aside from that conviction.  Moreover, it has long appeared that Plaintiff had the misplaced hope that this case would result in an overturn of his criminal conviction.  Thus, the failure of Plaintiff to identify damages in the course of discovery and Plaintiff's failure to appear for the discovery hearing are not merely technical rule violations—they are symptoms that Plaintiff cannot obtain his true goal through this litigation.

## I. BACKGROUND

On August 24, 2015, Plaintiff Bruce Berna filed a First Amended Complaint ("FAC") in this action. (ECF No. 6.)  The FAC alleged that Defendants had illegally searched the trailer that Plaintiff had been living in and that he had been arrested and convicted based on that illegal search.

In the findings and recommendations that certain claims in Plaintiff's complaint go forward, this Court discussed the limitations of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and stated:

> The Court wishes to note that its decision only concerns whether Plaintiff has stated a viable legal claim.  The Court does not decide what remedies will be available to Plaintiff if he succeeds on this claim.  Plaintiff should be aware that this part of his claim only survives precisely because it will not legally invalidate his plea or conviction.  In other words, to the extent Plaintiff filed this case in order to overturn his conviction, he should know at the outset of this case that he will not accomplish that goal through this lawsuit.

(ECF No. 9, at 6-7).

The Court initially attempted to schedule the case on May 25, 2016, but Plaintiff failed to appear for the scheduling conference.  (ECF No. 26) The Court set an order to show cause hearing and ordered Plaintiff to file a written response to the order to show cause.  (ECF No. 25). Plaintiff did not file any written response, but appeared at the order to show cause hearing. The Court discharged the order to show cause and issued a scheduling order for the case.  (ECF No.

28) The Court also advised Plaintiff that it would not tolerate further failures to appear or failures to obey court orders and warned that sanctions would issue for any future violations. (ECF No. 28.) Finally, the Court again advised Plaintiff that, even were he to prevail on his claims, he would likely have difficulty proving that he had suffered damages as a result of Defendants' conduct and he would not be able to overturn the criminal conviction that had resulted because of Defendants' search of his trailer.

On August 25, 2016, the Court conducted an informal discovery dispute conference between the parties based on Plaintiff's refusal to respond to any of Defendants' discovery requests. (ECF No. 32) Plaintiff was instructed to respond to the outstanding discovery requests. On September 12, 2016, Defendants filed a motion to compel, stating that Plaintiff had still not responded to their discovery requests. (ECF No. 35) Defendants also requested sanctions for Plaintiff's failure to cooperate with discovery. The motion was properly served on Plaintiff. Both parties were informed that telephonic appearances were permitted for the hearing and dial in information was distributed. (ECF No. 36.)

The Court held a hearing on the motion to compel on October 21, 2016 at 10:00 a.m. Catherine Woodbridge appeared telephonically for Defendants. Plaintiff failed to appear at the hearing. (ECF No. 37) Plaintiff did not file any opposition to the motion to compel, nor did he file any request for a continuance or otherwise notify the Court that he would not be able to appear. The Court issued a second order to show cause requiring Plaintiff to file a written response explaining his failure to appear. (ECF No. 38) On October 31, 2016, Plaintiff filed a letter stating that he forgot about the court hearing and explaining that it was difficult for him to travel to Fresno on a regular basis. (ECF No. 39).

**II.   DISCUSSION**

**A.   Legal Standard**

Rule 37(d) of the Federal Rules of Civil Procedure provides, in relevant part, that if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response," the court "where the action is pending may, on motion, order sanctions." The allowable sanctions include, among

others, "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(3). Courts have discretion in imposing sanctions. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997). A court is permitted to impose the sanction of dismissal or default under Rule 37 only in "extreme circumstances" where the violation is "due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez,* 102 F.3d 429, 432 (9th Cir.1996). "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993), *quoting Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985).  "A court may consider prior misconduct when weighing a subsequent sanction motion." *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990).

To determine whether to dismiss an action pursuant to Rule 37(b)(2)(C), a district court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' *Payne,* 121 F.3d at 507, *quoting Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987). Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them. *Id.*

*Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1115 (9th Cir.2004).

The Ninth Circuit Court of Appeals has stated that this multi-factor test is "not mechanical," *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007), and the court "need not make explicit findings regarding each of these factors," *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Rather, the test "provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Conn. Gen. Life Ins. Co.,* 482 F.3d at 1096. "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether discovery violations threaten to interfere with the rightful decision of the case." *Id.* at 1097.

Courts may also impose sanctions, including terminating sanctions, as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases" or based on a failure to comply with court orders. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Pagtalunan v. Galazza*, 291 F.3d 639, 642 (9th Cir. 2002). In both instances, the Ninth Circuit has held that the same five-factor test utilized in the context of Rule 37 sanctions applies. *Leon,* 464 F.3d at 958 n. 4; *Pagtalunan*, 291 F.3d at 642.

### B.  Analysis

The first of the enumerated factors "always favors dismissal." *Pagtalunan*, 291 F.3d at 642.  Plaintiff has participated only intermittently in this case and, even then, only after the Court has issued orders requiring him to do so.  The public interest thus favors expeditious resolution of the case.

The second factor, the Court's need to manage its docket, also weighs in favor of dispositive sanctions. Plaintiff has failed to appear for both his initial scheduling conference and for a properly noticed hearing on Defendants' motion to compel.  He has failed to oppose the Motion to Compel and has offered no justification for his refusal to participate in the discovery process. The Court need not spend its resources attempting to ensure that Plaintiff appears to prosecute his own action. *Sec. Ins. Co. of Hartford v. Cibus Ins. Servs., Inc.*, No. Civ.S-05-2620 DFL DAD, 2006 WL 3388549, at *2 (E.D. Cal. Nov. 22, 2006) (defendant's failure to appear at order to show cause hearing favored dismissal based on court's need to manage docket). Nor should it be required to take any other steps to ensure that its orders are obeyed.

The third factor requires a showing that there is a risk of prejudice to the party in whose favor the sanctions would be awarded because of the opposing party's actions. Put more simply, Plaintiff's actions in this case must have "impaired [the defendants'] ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642, *citing Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987); *Saunders v. Cty. of San Bernardino*, No. EDCV150188FMOKKX, 2015 WL 8769979, at *4 (C.D. Cal. Dec. 14, 2015) ("a plaintiff's refusal to produce evidence in discovery supporting plaintiff's claim presumptively shows the claim is meritless and prejudices a defendant's ability to present its defense."). A failure to produce documents can constitute sufficient prejudice to warrant dispositive sanctions.

*Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("the repeated failure of Adriana to appear at scheduled dispositions compounded by their continuing refusal to comply with court-ordered production of documents constitutes an interference with the rightful decision of the case"). Plaintiff has failed to cooperate in the discovery process and to appear for properly noticed hearings. The non-expert discovery cutoff date is now less than two months away. Since the inception of this case, Defendants have stated that they plan to file at least one dispositive motion on the issues of damages and/or statute of limitations. Consequently, their discovery requests have focused on those issues. Because Plaintiff has refused to respond to the requests, however, Defendants have been unable to prepare or file any such motion. The third factor thus weighs in favor of dismissal.

This conclusion is further supported by the nature of the discovery at issue. Defendants seek discovery on what damages, if any, Plaintiff suffered other than his criminal conviction. Defendants have contended that the only damages Plaintiff sought relate to this criminal conviction, which cannot be challenged in this proceeding. By failing to respond to discovery, Plaintiff has failed to either enumerate damages cognizable in this case, or provide Defendants with a firm admission that Plaintiff in fact seeks improperly to overturn his conviction through this proceeding. In this way, the failure of Plaintiff to respond to discovery has hampered Defendants from appropriately developing their defense.

The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal. The weight it brings to Plaintiff's side of the ledger is minimal, however, because his conduct in this case has precluded Defendants from engaging in a vital portion of the discovery process. *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996) ("The overwhelming weight of the factors supporting dismissal overcomes the policy favoring disposition of cases on their merits. But even that policy lends little support to appellants, whose total refusal to provide discovery obstructed resolution of their claims on the merits"). The fourth factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Plaintiffs bear the responsibility of

prosecuting the cases they file; a plaintiff that files a case but then abandons the case whenever it suits him is not promoting the disposition of his case on its merits.  Moreover, again, it is unclear whether Plaintiff has a claim that will provide him with the relief he seeks.

The fifth factor, the availability of less drastic alternatives, weighs in favor of dismissal. Plaintiff is proceeding *in forma pauperis*, making it unlikely that monetary sanctions will induce him to cooperate or to prosecute his case. *Sanchez v. Rodriguez*, 298 F.R.D. 460, 466 (C.D. Cal. 2014) ("because plaintiff is proceeding in forma pauperis due to documented indigency, plaintiff would be unable to pay a monetary sanction and the imposition of such a sanction would be futile as a means of inducing him to comply with this Court's discovery orders."). The Court also previously issued an order to show cause after Plaintiff failed to appear for a hearing.  After the order was discharged, the Court warned Plaintiff that any further failures to appear would not be tolerated.  The order to show cause (and later warning) does not appear to have induced Plaintiff to participate in this litigation or appear for scheduled hearings, however. Nor would evidentiary sanctions make sense:  Defendants' discovery requests target information related to damages and a potential statute of limitations defense.  If the Court were to grant some evidentiary sanction— precluding Plaintiff from offering any evidence of damages or from opposing a statute of limitations argument—the result would be the same as if the Court issued dispositive sanctions. The fifth factor thus supports the issuance of terminating sanctions. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995) (terminating sanctions appropriate where party's conduct illustrates "an abiding contempt and continuing disregard" for court orders).

After an evaluation of the relevant factors, the Court determines that Plaintiff's failures to appear, to prosecute his case, and to respond to discovery requests are the result of willfulness and bad faith and interfere with the rightful decision of the case. Terminating sanctions under Rule 37, the Court's inherent power to manage its own docket, and for Plaintiff's failure to obey court orders are therefore warranted.  It also appears that Plaintiff may not be prosecuting this case because it ultimately will not accomplish his goal of overturning his criminal conviction even if he were to prove that the underlying search was in fact illegal.

## III. RECOMMENDATION

For the reasons outlined above, the Court RECOMMENDS that:

1. Defendants' Motion to Compel and Request for Sanctions (ECF No. 35) be GRANTED; and,
2. Plaintiff's claims be DISMISSED.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 10, 2016**         /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE